**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ELECTRICAL INDUSTRY HEALTH AND WELFARE AND PENSION TRUST FUNDS; LOCAL UNION NO. 413 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and CHUCK HUDDLESTON as TRUSTEE of the Trust Funds,<br><br>     Plaintiffs,<br> v.<br><br>OZZIMO ELECTRIC, INC., a California corporation,<br><br>     Defendant. | Case No.: 12-CV-01271-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT |

On June 7, 2012, the Clerk of the Court entered default against Defendant Ozzimo Electric, Inc. ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. ECF No. 15. Before the Court is the Motion for Default Judgment filed by Plaintiffs Central California Electrical Industry Health and Welfare and Pension Trust Funds ("Trust Funds"), Local Union No. 413 of the International Brotherhood of Electrical Workers ("IBEW Local 413"), and Chuck Huddleston as Trustee of the Trust Funds (collectively, "Plaintiffs"). *See* Mot. for Default J. ("Mot."), ECF No. 21. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for

determination without oral argument. Accordingly, the hearing and the case management conference set for December 20, 2012, are VACATED. For the reasons discussed below, Plaintiffs' Motion for Default Judgment is GRANTED in part, and DENIED in part.

## I.   BACKGROUND

Plaintiffs initiated this action in order to recover unpaid contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Complaint ("Compl.") ¶ 1, ECF No. 1. The Trust Funds are the authorized collection agents for all entities related to IBEW Local 413 for which monthly contributions are required, including employees' health care, pension, and union dues. Compl. ¶ 3; Mot. at 5. Plaintiff Chuck Huddleston has the joint duty to administer the Trust Funds for the benefit of the covered employees and to collect unpaid employer contributions and related losses. Compl. ¶ 4.

Defendant is engaged in the electrical wiring business in and around Orange, California. Compl. ¶ 5. In January of 2009, Defendant signed a "Letter of Assent" to a collective bargaining agreement ("CBA") between the IBEW Local 413 and the Central California Chapter of the National Electrical Contractors' Association ("NECA"). *See* Decl. of Chuck Huddleston in Supp. of Mot. Default J. ("Huddleston Decl."), Exh. A, ECF No. 22; *see also* Compl. ¶ 7; Mot. at 3. In so doing, Defendant agreed to be bound by the terms and conditions of the CBA, which requires an employer to make monthly financial contributions to NECA and the Trust Funds. *Id*. In addition, the CBA requires Defendant to be bound to the applicable Trust Agreements that established the Trust Funds. *Id*. In return, the Trust Funds provide fringe benefits to Defendant's covered employees based on the hours reported on monthly transmittals. Mot. at 3. Under the CBA and Trust Agreements, an employer who fails to make timely contributions to the Trust Funds is liable to the Trust Funds for all unpaid contributions, interest, liquidated damages on the unpaid principal, attorney's fees, and collection costs. Compl. ¶ 8.

Plaintiffs allege that, for the months of November 2010 through July 2011, Defendant repeatedly underpaid or failed to pay the required contributions pursuant to the CBA. Mot at 3; *see* Decl. of Sandy Stephenson in Supp. of Mot. Default J. ("Stephenson Decl.") ¶ 12, ECF No. 23.

Consequently, on March 19, 2012, Plaintiffs filed this action for failure to make employer contributions and breach of fiduciary duty, pursuant to 29 U.S.C. § 1132, 29 U.S.C. § 1145, and 29 U.S.C. § 185. ECF No. 1. Plaintiffs then served Defendant with a copy of the Summons, Complaint, and related documents. ECF No. 4. Defendant was required to file and serve his responsive pleading on Plaintiffs no later than April 9, 2012, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. However, Defendant failed to file any responsive pleading. On June 7, 2012, pursuant to Plaintiffs' request, the Clerk of the Court entered default against Defendant. ECF No. 15. Plaintiffs now move this Court for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 21.

## II.   DISCUSSION

### A.  Default Judgment

When a defendant fails to timely answer a complaint, a plaintiff may move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). The district court's decision whether to enter a default judgment is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court deciding whether a default judgment is warranted may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, the merits of Plaintiffs' claims and the sufficiency of the complaint—*Eitel* factors 2 and 3—favor entry of default judgment. To establish a claim for delinquent contributions under ERISA, Plaintiffs must prove that a Defendant is an employer who was "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement," and failed to do so. 29 U.S.C. § 1145. Plaintiffs' complaint alleges that the Trust Funds constitute "a multi-employer employee benefit plan pursuant to ERISA, 29 U.S.C. §1002(3), (37) and 29 U.S.C. §1132(d)(1)." Compl. ¶ 3. Further, Plaintiff's complaint alleges that the CBA to which Defendant assented required Defendant to make monthly

financial contributions, and Defendant failed to do so. Compl. ¶ 9. Since the Clerk of the Court has entered default, all well-pleaded allegations in Plaintiffs' complaint regarding liability should be taken as true, except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Accordingly, Plaintiffs have adequately alleged a valid claim for delinquent contributions under ERISA.

The rest of the *Eitel* factors also weigh in favor of granting the default judgment. First, Plaintiffs will be prejudiced if default judgment is not entered. Plaintiffs note that, despite having a relationship with Defendant for approximately 50 years, Defendant has not responded to the Complaint or Motion for Default Judgment. Mot. at 8. Because Defendant has refused to take part in the litigation, Plaintiffs will be denied the right to adjudicate the claims and obtain relief if default judgment is not granted. *See PepsiCo, Inc. v. California Security Cans,* 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002). In addition, because Defendant has not presented a defense or otherwise communicated with the Court, there is no indication that Defendant's default is due to excusable neglect or that the material facts are subject to dispute. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp.2d 1065, 1071–72 (D. Ariz. 2006).

Although entry of default judgment may not be appropriate where a substantial or unreasonable sum of money is at stake, *see Eitel,* 782 F.2d at 1472, Plaintiffs' requested relief is tied to the monthly contributions Defendant had an obligation to make, by virtue of being a signatory to the CBA and Trust Agreements, on behalf of its employees' health care, pension, and union dues. According to Plaintiffs, "Defendant's failure to make these payments constitutes complete disregard for the well-being of its employees as well as disregard for the long standing relationship between the parties in this case. Defendant's failure to make health care contributions has imperiled the employees' health care coverage." Mot. at 9.

Finally, although strong public policy favors decisions on the merits, *see Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), it does not appear that litigation of the merits will be possible due to Defendant's refusal to litigate. In sum, the Court finds that the *Eitel*

factors favor entry of default judgment. The Court therefore GRANTS Plaintiffs' Motion for Entry of Default Judgment.

### B. Requests for Relief

In light of Defendant's default, Plaintiffs request judgment in the amount of $36,444.86 pursuant to 29 U.S.C. § 1132(g)(2). Mot. at 7, 11. Section 1132(g)(2) of ERISA states that, in an action by a "fiduciary for or on behalf of a plan to enforce [29 U.S.C. § 1145] . . . the court shall award" the following:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court . . . , (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Furthermore, Congress has specified that, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *Id*.

The Trust Agreement to which Defendant is bound by virtue of the CBA "mandates that an employer's monthly contributions are considered delinquent when they are not received or postmarked by the fifteenth of the month following the month in which the work is performed." *See* Huddleston Decl. ¶ 9. Further, when an employer's contributions are delinquent, "the Trust Agreement provides for 10% liquidated damages on the principal amount as well as 10% annual compound interest on the principal amount as well as the liquidated damages amount." *Id*. at ¶ 10.

Here, Plaintiffs assert that Defendant owes $24,737.74 in principal for delinquent contributions for the months of November 2010 through July 2011. *See* Stephenson Decl. ¶ 12. Plaintiffs contend that they also are owed $2,473.79 in liquidated damages and $4,582,83 in unpaid interest through December 20, 2012. *Id*. In order to justify these expenses, Plaintiffs submitted a declaration from Sandy Stephenson, an employee of the United Administrative Services, which assists in the collection and disbursement of funds for the Trust Funds. *Id*. at ¶ 1. According to Ms. Stephenson's declaration, Defendant owes the following:

- For November 2010 hours, which were delinquent as of December 16, 2010, Defendant owes $6,626.04 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $662.60 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $1.81 per day.

- For December 2010 hours, which were delinquent as of January 16, 2011, Defendant owes $7,811.62 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $781.16 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $2.14 per day.

- For January 2011 hours, which were delinquent as of February 16, 2011, Defendant owes $3,568.24 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $356.82 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.98 per day.

- For February 2011 hours, which were delinquent as of March 16, 2011, Defendant owes $2,792.56 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $279.26 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.77 per day.

- For March 2011 hours, which were delinquent as of April 16, 2011, Defendant owes $961.86 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $96.19 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.26 per day.

- For April 2011 hours, which were delinquent as of May 16, 2011, Defendant owes $711.40 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $71.14 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.19 per day.

- For May 2011 hours, which were delinquent as of June 16, 2011, Defendant owes $777.32 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $77.73 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.21 per day.

- For June 2011 hours, which were delinquent as of July 16, 2011, Defendant owes $744.35 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $74.44 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.20 per day.

- For July 2011 hours, which were delinquent as of August 16, 2011, Defendant owes $744.35 in contributions to the Trust Funds. Since Defendant has not paid the principal amount, Defendant also owes $74.44 in liquidated damages and, at 10% simple interest per annum, interest in the amount of $0.20 per day.

*See* Stephenson Decl. ¶¶ 3–11.

However, Plaintiffs provide no documentation, such as copies of invoices or Defendant's monthly transmittals, to prove that Defendant in fact owes the specific amounts set forth by Stephenson. The lack of evidence to support Defendant's alleged debt is disconcerting because, for the same time period, Plaintiffs allege in the Complaint that Defendant owes $14,273.71 *less* in unpaid contributions, and 11,976.88 *more* in liquidated damages. *See* Compl. ¶ 9 (alleging that Defendant "failed to pay fringe contributions in the amount of at least $10,464.03 and liquidated damages in the amount of at least $14,450.67."). Nowhere in Plaintiffs' Motion for Default Judgment is there an explanation of why there is such a large discrepancy between the amount of delinquent or unpaid contributions alleged in the complaint as compared to the Motion for Default Judgment. *Compare* Compl. ¶ 9, *with* Mot. at 6.

In addition, Plaintiffs seek attorney's fees and costs in the amount of $4,650.50. *See* Decl. of Chloe Quail in Supp. of Mot. Default J. ("Quail Decl.") ¶ 8. According to the Quail Declaration, Ms. Quail and Associate Attorney Eileen Bissen bill Plaintiffs for their services at a rate of $195.00 per hour, plus reimbursement of out-of-pocket costs, such as filing or service fees. *Id*. at ¶ 3. From March 2012 through July 2012, the firm expended 14 hours of its time, resulting in $2,632.50 in legal fees. *Id*. at ¶ 4. From March 2012 through July 2012, the firm also expended $555.50 in out-of-pocket expenses. *Id*. at ¶ 5. In support of these expenditures, Ms. Quail includes as attachments to her declaration copies of monthly billing invoices from March 2012 through July 2012 for this matter. Ms. Quail als9o estimates that she spent four hours working on the Motion for Default Judgment in August of 2012. *Id*. at ¶ 6. Finally, Ms. Quail seeks reimbursement for the time that she anticipates spending arguing this motion and traveling to and from court. *Id*. at ¶ 7.

The Court has reviewed the Quail Declaration and believes that the number of hours billed for the specific tasks between March and July of 2012 appear reasonable. *See* Quail Decl. ¶¶ 3–5. However, Plaintiffs' counsel has not provided any documentation in support of the actual amount of time counsel spent in August of 2012 when preparing the Motion for Default Judgment. Moreover, Plaintiffs' counsel has failed to provide any documentation in support of the specific hourly rates.

Given the lack of documentary support provided by Plaintiffs to justify the requested relief, the Court is not convinced that Plaintiffs are entitled to the specific amount of unpaid contributions, liquidated damages, interest on Defendant's delinquent or unpaid contributions, and attorney's fees as asserted against Defendant.  Therefore, the Court DENIES without prejudice Plaintiffs' request for relief.  In order to receive unpaid contributions, liquidated damages, interest on Defendant's delinquent or unpaid contributions, attorney's fees, and costs, Plaintiffs must submit documentation justifying the amount of damages requested and curing the deficiencies identified in this Order by January 3, 2013.

### III.    CONCLUSION

For the reasons detailed above, Plaintiffs' Motion for Default Judgment is GRANTED in part, and DENIED in part.  In order to receive unpaid contributions, liquidated damages, interest on Defendant's delinquent or unpaid contributions, attorney's fees, and costs, Plaintiffs must submit documentation justifying the amount of damages requested and curing the deficiencies identified in this Order by January 3, 2013.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 17, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge