UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ELECTRICAL INDUSTRY HEALTH AND WELFARE AND PENSION TRUST FUNDS; LOCAL UNION NO. 413 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and CHUCK HUDDLESTON as TRUSTEE of the Trust Funds,<br><br>        Plaintiffs,<br>   v.<br><br>OZZIMO ELECTRIC, INC., a California corporation,<br><br>        Defendant. | Case No.: 12-CV-01271-LHK<br><br>ORDER AWARDING DAMAGES FOR DEFAULT JUDGMENT |

On December 17, 2012, the Court granted in part and denied in part the Motion for Default Judgment filed by Plaintiffs Central California Electrical Industry Health and Welfare and Pension Trust Funds ("Trust Funds"), Local Union No. 413 of the International Brotherhood of Electrical Workers ("IBEW Local 413"), and Chuck Huddleston as Trustee of the Trust Funds (collectively, "Plaintiffs"). *See* ECF No. 27 ("Order"). Although the Court found that Plaintiffs were entitled to an entry of default judgment, the Court also found that Plaintiffs failed to provide sufficient documentation to support their request for relief. *Id*. at 5-8. As such, the Court ordered Plaintiffs to submit documentation justifying the unpaid contributions, liquidated damages, interest on Defendant's delinquent or unpaid contributions, attorney's fees, and costs that Plaintiffs requested. Having reviewed Plaintiffs' supplemental briefing and documentation, the Court finds that

1

Plaintiffs have sufficiently cured the deficiencies identified in the Court's Order. Accordingly, the Court GRANTS Plaintiffs' Motion for Default Judgment and AWARDS damages in the amount of $37,943.93.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action in order to recover unpaid contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Complaint ("Compl.") ¶ 1, ECF No. 1. The Trust Funds are the authorized collection agents for all entities related to IBEW Local 413 for which monthly contributions are required, including employees' health care, pension, and union dues. Compl. ¶ 3. Plaintiff Chuck Huddleston has the joint duty to administer the Trust Funds for the benefit of the covered employees and to collect unpaid employer contributions and related losses. Compl. ¶ 4.

Defendant is engaged in the electrical wiring business in and around Orange, California. Compl. ¶ 5. In January of 2009, Defendant signed a "Letter of Assent" to a collective bargaining agreement ("CBA") between the IBEW Local 413 and the Central California Chapter of the National Electrical Contractors' Association ("NECA"). *See* Decl. of Chuck Huddleston in Supp. of Mot. Default J. ("Huddleston Decl."), Exh. A, ECF No. 22; *see also* Compl. ¶ 7. In so doing, Defendant agreed to be bound by the terms and conditions of the CBA, which requires an employer to make monthly financial contributions to NECA and the Trust Funds. *Id*. In addition, the CBA requires Defendant to be bound by the applicable Trust Agreements that established the Trust Funds. *Id*. In return, the Trust Funds provide fringe benefits to Defendant's covered employees based on the hours reported on monthly transmittals. Under the CBA and Trust Agreements, an employer who fails to make timely contributions to the Trust Funds is liable to the Trust Funds for all unpaid contributions, interest, liquidated damages on the unpaid principal, attorney's fees, and collection costs. Compl. ¶ 8.

Plaintiffs allege that, for the months of November 2010 through July 2011, Defendant repeatedly underpaid or failed to pay the required contributions pursuant to the CBA. Mot. Default J., ECF No. 21, at 3; *see* Decl. of Sandy Stephenson in Supp. of Mot. Default J. ("Stephenson

Decl.") ¶ 12, ECF No. 23.  Consequently, on March 19, 2012, Plaintiffs filed this action for failure to make employer contributions and breach of fiduciary duty, pursuant to 29 U.S.C. § 1132, 29 U.S.C. § 1145, and 29 U.S.C. § 185.  ECF No. 1.  Plaintiffs then served Defendant with a copy of the Summons, Complaint, and related documents.  ECF No. 4.  Defendant was required to file and serve his responsive pleading on Plaintiffs no later than April 9, 2012, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  However, Defendant failed to file any responsive pleading.  On June 7, 2012, pursuant to Plaintiffs' request, the Clerk of the Court entered default against Defendant.  ECF No. 15.  Plaintiffs then moved this Court for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  ECF No. 21.

On December 17, 2012, the Court found that Plaintiffs were entitled to entry of default judgment because of the merits of Plaintiffs' claims and the sufficiency of the complaint, the fact that Plaintiffs would be prejudiced if default judgment was not entered, the sum of money at stake in the action, and the fact that there was no indication that Defendant's default was due to excusable neglect or that the material facts were subject to dispute.  *See* Order at 3-4 (analyzing the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), in order to determine whether a default judgment was warranted).  However, the Court was not convinced that Plaintiffs were entitled to the specific amount of unpaid contributions, liquidated damages, interest on Defendant's delinquent or unpaid contributions, and attorney's fees as asserted against Defendant, given the lack of documentary support provided by Plaintiffs to justify the requested relief.

Pursuant to the Court's Order, Plaintiffs then filed a Supplemental Brief in Support of Default Judgment.  *See* Supp. Br. Supp. Default J., ECF No. 32.  In addition, Plaintiffs filed a supplemental declaration by Sandy Stephenson, an employee of the United Administrative Services, which assists in the collection and disbursement of funds for the Trust Funds.  *See* Supp. Stephenson Decl., ECF No. 33.  Attached to this declaration are copies of official transmittals showing the specific amount Defendant owes for the reporting period from November 2010 through July 2011.  *See* Supp. Stephenson Decl., Exh. A.  Plaintiffs also filed a supplemental declaration by Chloe Quail, the attorney for Plaintiffs in this action.  *See* Supp. Quail Decl., ECF

No. 34. The Supplemental Quail Declaration includes, as Exhibit A, the billing invoice for this action. *See* Supp. Quail Decl., Exh. A.

## II. DISCUSSION

In light of Defendant's default, Plaintiffs now request judgment in the amount of $37,943.93 pursuant to 29 U.S.C. § 1132(g)(2). Section 1132(g)(2) of ERISA states that, in an action by a "fiduciary for or on behalf of a plan to enforce [29 U.S.C. § 1145] . . . the court shall award" the following:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court . . . , (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Furthermore, Congress has specified that, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *Id*.

The Trust Agreement to which Defendant is bound by virtue of the CBA "mandates that an employer's monthly contributions are considered delinquent when they are not received or postmarked by the fifteenth of the month following the month in which the work is performed." *See* Huddleston Decl., Exh. A ¶ 9. Further, when an employer's contributions are delinquent, "the Trust Agreement provides for 10% liquidated damages on the principal amount as well as 10% annual compound interest on the principal amount as well as the liquidated damages amount." *Id*. at ¶ 10.

Here, Plaintiffs assert that Defendant owes $24,632.74 in principal for delinquent contributions for the months of November 2010 through July 2011. *See* Supp. Br. Supp. Default J. at 3. In contrast to Plaintiffs' Complaint, which sought "at least $10,464.03" for unpaid principal, ECF No. 1, ¶9, and Plaintiffs' original Motion for Default Judgment which sought $24,737.74 for unpaid principle, *see* Decl. of Sandy Stephenson in Supp. of Mot. Default J. ("Stephenson Decl.") ¶ 12, ECF No. 23, Plaintiffs contend that $24,632.74 is the correct amount that Defendant owes due to his failure to pay the following sums: $6,626.04 for November 2010, $7,706.62 for

December 2010, $3,568.24 for January 2011, $2,792.56 for February 2011, $961.86 for March 2011, $711.40 for April 2011, $777.32 for May 2011, $744.35 for June 2011, and $744.35 for July 2011. *See* Supp. Br. Supp. Default J. at 3. The Court finds that these amounts are supported by the official transmittals demonstrating the amounts owed. *See* Supp. Stephenson Decl., Exh. A.

Plaintiffs also contend that they are owed $2,463.28 in liquidated damages and $4,569.06 in unpaid interest for the months of November 2010 through July 2011. Supp. Br. Supp. Default J. at 4. In order to justify these expenses, Plaintiffs submitted a supplemental declaration from Sandy Stephenson, in which Stephenson calculated interest based on each month's transmittal. *See* Decl. of Sandy Stephenson in Supp. of Mot. Default J. ¶¶3-11. Based on Stephenson's Supplemental Declaration and the supporting documentation, the Court finds that the Trust Agreement and Defendant's unpaid contributions support Plaintiffs' estimate of $2,463.28 in liquidated damages and $4,569.06 in unpaid interest for the months of November 2010 through July 2011.

In addition, Plaintiffs seek attorney's fees and costs in the amount of $6,278.85. *See* Supp. Quail Decl. ¶ 10. According to the Supplemental Quail Declaration, Ms. Quail, a fourth-year associate, bills at a rate of $195.00 per hour, though has also been awarded higher hourly rates for other ERISA collections cases. *Id*. at ¶¶ 4-6. Pursuant to the finalized billing and costs invoice, Ms. Quail expended 29.1 hours on this case, from March 2012 through December 20, 2012, for a total of $5,674.50 in attorney's fees. *See* Supp. Quail Decl. ¶ 8; *id.*, Exh. A. In addition, from March 2012 through December 20, 2012, the firm expended $604.35 in out-of-pocket expenses. Supp. Quail Decl. ¶ 9; *id*, Exh. A. Consequently, Plaintiffs' seek $6,278.85 in attorneys' fees and costs. The Court has reviewed the Supplemental Quail Declaration and believes that Quail's hourly rate and the number of hours billed for the specific tasks between March 2012 and December 20, 2012 appear reasonable. *See* Supp. Quail Decl., Exh. A.

### III.   CONCLUSION

The Court finds that Plaintiffs have submitted sufficient documentation justifying the amount of damages requested and curing the deficiencies identified in the Court's December 17, 2012 Order. Consequently, the Court finds that Defendant owes Plaintiffs $31,665.08 in unpaid

contributions, liquidated damages, and interest for the reporting period from November 2010 through July 2011, and $6,278.85 for attorney's fees and costs, for a total of $37,943.93.

**IT IS SO ORDERED.**

Dated: May 15, 2013

_____
LUCY H. KOH
United States District Judge